Fkost J.
delivered the opinion of the Court.
The only question made by the grounds of appeal, which it is material to decide, respects the plaintiff’s right to recover on the special contract. He cannot recover on the implied contract, if he has made a special contract which is void for fraud. A person is not at liberty to say, I have made two contracts; and if one of them is avoided for fraud, I will set up the other. Selway v. Fogg, 5 Mees & W., 83; 9 Car. & P., 59; 1 Adol & El., 40.
It is generally affirmed as a rule, that fraud avoids all contracts. But it would be more correct to say, fraud makes all contracts voidable: for it is at the option of the party to be affected by the fraud, whether or not, he will treat the contract as void, and rescind it. The right to rescind, however, is subject to this restriction: that if, after discovery of the fraud, one party still avails himself of the benefit of the contract, or permits the other to proceed with the execution of it, he will thereby be held to have waived the tort and affirmed the contract. The case of Campbell v. Fleming, 1 Ad. & El., 40, was an action for money had and received. The plaintiff had purchased some mining shares on the representations of the defendant, which he afterwards discovered were false and fraudulent. After the discovery, the defendant dealt with the shares as his own, and sold a part of them. The plaintiff was non-suited. It was held, that there was no doubt a gross fraud on the plaintiff; but that after he had learned an imposition had been practised on him, he ought to have made his stand, and knowing the fraud, and having elected to treat the transaction as a contract, he had lost his right of rescinding it.
It is well settled in the Courts of this State, that where there has been a sale, either upon a warranty as to the goodness of the article sold, or upon a fraudulent misrepresentation of its value, if a suit be brought on the original contract of sale, the defendant may, upon notice, give the unsoundness or fraud in evidence as a defence; which will be an answer to the whole demand, or in mitigation of damages,,according to the circum *401 stances. The cases which have been cited relate to the sale of goods; but the principle of them applies with equal, if not greater force, to a building contract.
In this case there was no fraudulent misrepresentation which induced the defendants to contract for that which was unsuitable to their purpose; or which, without such representations, they would not have contracted for. The bridge for which the defendants offered the contract was faithfully built, according to the specifications; and the fraud alleged by the defendants, is, that the plaintiff combined with others to buy off competition, and thus obtained the contract at an extravagant price. In such a case, the Circuit Judge held, that the plaintiff was entitled to recover as much as the bridge was worth. That was the proper measure of damages; and the verdict for the plaintiff, on the special contract, is supported by the evidence. The terms of the plaintiff’s contract were publicly announced at the bidding; two of the committee of the board (who are the defendants) were present, and approved it; one of them is not implicated in the unfair suppression of competition. Through their agent, the defendants are chargeable with notice. The plaintiff was permitted to go on and build the bridge, without any objection from the board; and no notice was given to the plaintiff, even by the members who knew and complained of the terms. The bridge is appropriated to the use of the people of the district, whom the defendant? officially represent, and cannot be delivered to the plaintiff, nor taken possession of by him without committing an indictable offence. After the defendants were informed of the imposition practiced on them, they sent a committee to inspect the bridge, and received their report that it was laithfu ly built, according to the specifications. They did bv resolution disapprove of the cost; but did not even then renounce the contract, but offered to compromise with the plaintiff the disagreement about the cost: on this proof the jury were warranted to find that the defendants had lost or waived their right to rescind the contract.
Theotbergroundsofappe.nl, except the 3d, relate to the facts of the case, which are explained by the report, or are inconsistent with it. The 3d is only material to the common *402 count, and is not tenable, for the declarations of Johnson, though sufficient to charge himself, are not evidence of a partnership against any other party.
The motion is refused.
Withers J. did not hear this case, having been of counsel.